IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JENNIFER COLE** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:23-cv-00064 |
| | § | |
| **RALLY BRANDS LLC, D/B/A BIOLYTE** | § | |
| | § | |
| **Defendant.** | § | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Jennifer Cole ("Cole" or "Plaintiff") complains of Defendant Rally Brands d/b/a Biolyte ("Rally" or "Defendant") and for causes of action would show the Court as follows:

### I.

### INTRODUCTION

1.01   Plaintiff brings this action for sex discrimination, sex harassment, and unlawful retaliation under Title VII and Chapter 21 of the Texas Labor Code.

### II.

### PARTIES

2.01   Plaintiff, Jennifer Cole is a citizen and resident of the State of Texas. Plaintiff resides at 136 East Bethel School Road, Coppell TX 75019 and may be contacted through the undersigned counsel.

2.02   Defendant Rally Brands, d/b/a Biolyte is a Delaware Corporation organized under the laws of Delaware. Defendant's headquarters are located at 1035 Cobb Industrial Dr, Marietta, GA 30066. Defendant's counsel has been authorized to accept service and will execute a waiver of service.

## III.

## JURISDICTION AND VENUE

3.01  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, and pendant and supplemental jurisdiction of the common law claims.

3.02  Venue for all causes of actions stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391. This Court also has pendent jurisdiction over state law claims.

3.03  Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission and is filing the instant lawsuit within 90 days of her receipt of the EEOC's Notice of Right to Sue dated and issued on November 14, 2022

## IV.

## FACTUAL ALLEGATIONS

4.01  Plaintiff began her employment with Defendant on July 13, 2021 as the Regional Sales Manager for the state of Texas. Plaintiff was summarily terminated on February 28, 2022.

4.02  At the time of her termination, Plaintiff was earning an annual salary of $188,000.00.

4.03  Prior to her termination, Plaintiff had exceeded all goals, expectations and KPIs which were reflected in glowing performance reviews.

4.04  While Plaintiff was training for the position, Defendant learned that Plaintiff's sexual orientation was Lesbian. Following y this discovery, Plaintiff's direct boss, Daryl Bostick spoke to CP more harshly than the male reps. Mr. Bostick raised his voice at her aggressively, came into her private space and cursed at her. The rest of the staff were young and male and did not receive such outbursts.

4.05    Plaintiff reported Mr. Bostick's behavior to Respondent's VP, Jason Miller, who did nothing. Plaintiff also reported her supervisor's behavior to Ms. Samantha Burnett in HR. Again, no action was taken. Consequently, CP was forced to work in a sexually hostile work environment from November 2021 through February 2022.

4.06    During this period, Respondent changed CP's job requirements every week in an attempt to get Plaintiff to quit her job. By way of examples, Mr. Bostick excluded CP from meetings that directly concerned her position as Regional Sales Manager. He frequently withheld information from Plaintiff that she required to do her job. Defendant also withheld her bonus two weeks later than the rest the team who received their bonuses as scheduled.

4.07    Defendant was aware of the hostile workforce and of Plaintiff's reports of the same but took no action to alleviate it.

4.08    Two weeks before her termination, Plaintiff had received a favorable performance appraisal based on her outstanding performance in which she had hit all her sales numbers (unlike her male counterparts).

4.09    Defendant nevertheless terminated Plaintiff's: employment on February 28, 2022. Defendant's stated reason for the discharge is that Jack Hilliard Company terminated its contract with Defendant due to Plaintiff's lack of support.

4.10    Defendant's stated reason for Plaintiff's termination is a pretext for discrimination and retaliation for her protected activity of reporting discrimination.

4.11    Immediately after her termination, Plaintiff spoke to the VP of Jack Hilliard, Mr. Vic Avila, who informed Plaintiff that Hilliard's termination of the contract had nothing to do with her. Hilliard terminated its contract with Defendant, because Defendant had failed to provide Hilliard with links to such stores as Walmart, Kroger, and other retail stores. Plaintiff knows of at least one other male employee, who caused a distributor to terminate its contract

with Defendant but was not terminated.

4.12     Defendant also attempted to justify Plaintiff's termination by blaming Plaintiff for the termination of Defendant's contract with Del Papa, Inc. This would have been clearly impossible since Del Papa did not terminate its contract with Defendant until months after Plaintiff's termination of employment, and for reasons that had nothing to do with the Plaintiff.

4.13     The events surrounding the termination of Defendant's contracts with Hilliard and Del Papa, Inc. had nothing whatsoever to do with the Plaintiff's duties and responsibilities. This demonstrates that Defendant's stated reasons for her termination was a pretext for discrimination and retaliation.

V.

FIRST COUNT

DISCRIMINATION BECAUSE OF SEX IN VIOLATION OF TITLE VII,
42 U.S.C. § 2000(E) ET SEQ AND CHAPTER 21 OF THE TEXAS LABOR CODE

5.01     The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

5.02     Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f) Title VII and belongs to a class protected under the statute, namely females.

5.03     Defendant is an employer within the meaning of 42 U.S.C. § 2000e(d) Title VII since it employs more than fifteen employees.

5.04     Defendant is also an employer within the meaning of Chapter 21 of the Texas Labor Code.

5.05     Defendant intentionally discriminated against Plaintiff because of her sex in violation of Title VII and Chapter 21 of the Texas Labor Code. by creating a work environment hostile to women.

5.06	Plaintiff has timely filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Texas Workforce Commission. On or about November 11, 2022, Plaintiff' received her Right to Sue Letter. Plaintiff has timely filed suit against Defendant within 90 days of her receipt of the Notice of right to Sue.

5.07	As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

> a.	Plaintiff suffered mental anguish and emotional distress, as well as loss of enjoyment of life, inconvenience, and general damages; and
>
> b.	Plaintiff suffered lost wages and related benefits.

5.08	Plaintiff is entitled to an award of attorneys' fees and costs under Title VII, U.S.C. §2000e-5(k).

5.09	Defendant violated Title VII and Chapter 21 of the Texas Labor Code by discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's sex. Plaintiff was subjected to a continuous course of harassment and worked in a sexually hostile environment.

5.10	Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary damages. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore also entitled to recover punitive damages.

## VI.

## SECOND COUNT

## UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. § 2000(E) ET SEQ and CHAPTER 21 OF THE TEXAS LABOR CODE.

6.01    The foregoing paragraphs of this Complaint are incorporated in this count as fully as if set forth at length herein.

6.02    Pursuant to 42 USC section 2000(E) *et seq*., an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who opposes a discriminatory practice; makes or files a charge; files a complaint; or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing.

6.03    The same provision is found in Chapter 21.055 of the Texas Labor Code.

6.04 Defendant retaliated against Plaintiff after she complained to Defendant about the unwelcome comments and sexually hostile environment in the workplace by terminating Plaintiff's employment.

6.05    Defendant terminated Plaintiff's employment on February 28, 2022 .   Defendant's stated reason for Plaintiff's termination was that Plaintiff had caused the loss of two distributors y. This stated reason is a pretext for retaliation because Plaintiff had committed no wrongdoing. Further defendant knew that Plaintiff had nothing to do with the loss of these two distributors

6.06.    Defendant knowingly and willfully retaliated against Plaintiff for her protected activity in violation of Title VII.

6.07    Defendant's conduct was malicious and/or taken with reckless disregard for Plaintiff's rights.  It was foreseeable by Defendant that Plaintiff would suffer harm as a result of the retaliation and discrimination.

## VII.

## <u>JURY TRIAL DEMANDED</u>

7.01   Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover and the following relief against Defendant:

(1)   Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2)   Judgment for back pay and front pay as allowed by law;

(3)   Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

(4)   Damages for past and future mental anguish, emotional distress, and physical distress;

(5)   Exemplary damages in an amount to be determined by the trier of fact;

(6)   Prejudgment and Post-judgment at the maximum legal rate;

(7)   All costs of court;

(8)   Attorneys' fees; and

(9)   Such other and further relief to which Plaintiffs may be justly entitled.

Date: January 18, 2023.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: /s/ Nicholas A O'Kelly

Nicholas A O'Kelly
State Bar No. 15241235
**KILGORE LAW CENTER**
4131 Hood Street, STE 500
Dallas, Texas 75219
(214) 379-0827 - Telephone
(214) 953-0133 - Telecopier
email: nao@kilgorelaw.com

**ATTORNEY FOR PLAINTIFF
JENNIFER COLE**